# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SIEMENS ENERGY, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PDV HOLDING, INC., § <br> § <br> Defendant, § <br> § <br> and § <br> § <br> PETRÓLEOS DE VENEZUELA, S.A., § <br> § <br> Intervenor Defendant. § | Civil Action No. 4:25-cv-00156 |

## SIEMENS ENERGY, INC.'S MOTION TO REMAND AND BRIEF IN SUPPORT

Pursuant to 28 U.S.C. § 1447(c), Plaintiff Siemens Energy, Inc. ("Plaintiff" or "Siemens Energy") files this Motion to Remand this suit to the Business Court Division of the Eleventh District of Harris County, Texas because Intervenor Defendant Petróleos de Venezuela, S.A. ("PDVSA") improperly removed this suit under 28 U.S.C. § 1441(d). Plaintiff seeks and is entitled to recover its reasonable attorneys' fees and costs. 28 U.S.C. § 1447(c).

### I. STATEMENT OF THE ISSUES

1. There are two issues before the Court, both of which under prevailing precedent should be answered affirmatively.

2. First, whether this case should be remanded because PDVSA had no basis to remove this case to federal court pursuant to 28 U.S.C. § 1441(d). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Moreover, "[a]ny ambiguities

are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

3.  Second, whether Siemens Energy is entitled to recover its reasonable attorneys' fees and costs under 28 U.S.C. 1447(c) because of PDVSA's unwarranted attempt to remove this matter to federal court in contravention of well-established Fifth Circuit precedent. The Court is asked to determine "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In light of existing precedent, Plaintiff believes such fees and costs should be awarded.

## II. SUMMARY OF THE ARGUMENT

4.  Plaintiff brought this action in Texas state court against PDVH Holding, Inc. ("PDVH") against whom Plaintiff seeks to enforce multimillion dollar judgments it obtained against PDVH's alter ego, PDVSA. PDVSA was not named in the petition but recently filed a plea in intervention to join the case. Despite claiming corporate separateness from PDVH, PDVSA took control of the case and, without consulting or conferring with Plaintiff, filed a notice of removal asserting that the case is an action "against a foreign state" and therefore removable under 28 U.S.C. § 1441(d).

5.  However, the law in this Circuit is clear. Where a plaintiff sets forth a nonremovable case in its initial petition, involuntary changes will not make the case removable; they must have been brought about by the voluntary act of the plaintiff. Accordingly, courts in this Circuit hold that in situations like this, a foreign state may not intervene as a defendant in a state court proceeding, where there is otherwise no basis for federal jurisdiction, simply to manufacture a basis for removal.

6. Because Siemens Energy set forth an otherwise nonremovable case in state court, PDVSA may not now attempt to intervene and remove it under section 1441(d). Plaintiff, therefore, respectfully requests that the Court follow Fifth Circuit precedent and remand the case to state court and award Plaintiff its reasonable fees and expenses incurred as a result of PDVSA's improper attempt at removal.

## III. STATEMENT OF FACTS

7. On December 9, 2021, Plaintiff obtained a judgment against PDVH's alter ego, PDVSA, in the United States District Court for the Southern District of New York in an amount of $166,082,240.21 for failure to pay under a Note Agreement (collectively, the "Judgment"). App. 004 at ¶ 10; 011.[1] Since then, and despite Siemens Energy's efforts to collect, PDVSA refused to pay the outstanding Judgment. On October 4, 2024, Siemens Energy filed its Original Petition ("Petition") against Defendant PDV Holding, Inc. in the Business Court Division of the Eleventh District of Harris County, Texas. App. 002.

8. In the Petition, Siemens Energy sought (i) a judicial declaration under Tex. Civ. Prac. & Rem. Code 37.004 that PDVSA and PDVH are alter egos and that, as the alter ego of PDVSA, PDVH is liable to Plaintiff for the full amount of the Judgment, (ii) to enforce the Judgment against PDVH pursuant to Texas common law and Tex. Civ. Prac. & Rem. Code 35.008, and (iii) its reasonable and necessary attorneys' fees under Tex. Civ. Prac. & Rem. Code 37.009. App. 007-008 at ¶¶ 19-29.

9. On January 13, 2025, PDVSA filed a Plea in Intervention as a party defendant in the Texas Business Court. App. 014. Despite contesting that it is a legally distinct entity from PDVH, PDVSA insisted that it has "multiple justiciable interests in this action" including

---

[1] In accordance with the Court's Civil Procedures, Plaintiff submits an Appendix herewith containing certain cases and authorities. All citations to "App." are to this Appendix.

explaining away the lack of the separation "between it and its subsidiary." App. 016 at ¶ 6. PDVSA then took control of the case and, the next morning without consulting or conferring with Plaintiff, filed a Notice of Removal ("Notice") in this Court. Dkt. 1. PDVSA's Notice asserts that removal is warranted on the single ground that this action is against a foreign state and is therefore removable under 28 U.S.C. § 1441(d). Dkt. 1 ¶¶ 8-12.

10. Plaintiff's Petition asserts causes of action exclusively under Texas law and complete diversity does not exist. So, PDVSA could not – and critically did not – assert the state court action was removable on the basis of federal question or diversity jurisdiction. Dkt. 1. This is fatal to its Notice: if section 1441(d) does not provide a basis for removal – which it does not for the reasons set forth below – then PDVSA's entire Notice is legally deficient, and the case must be remanded.

## IV. ARGUMENT

### a. PDVSA's intervention does not render this action removable under 28 U.S.C. § 1441(d)

11. Title 28 U.S.C. § 1441(d) states "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending…." PDVSA contends (as its *sole stated basis for removal*) that once PDVSA strategically intervened in the state court action, this lawsuit became an action against a foreign state and therefore removable under 28 U.S.C. § 1441(d).[2] Dkt. 1 at ¶¶ 5, 8-12. But such artifice is neither proper nor is it the law in this Circuit.

---

[2] PDVSA asserts in the Notice that it is a "foreign state" as defined by 28 U.S.C. § 1603 and therefore can avail itself of removal under section 1441(d). Plaintiff does not concede that PDVSA satisfies this definition or that PDVSA was a proper intervenor in the state court action. However, even assuming that PDVSA is a foreign state and that its intervention was proper, the Court does not need to reach these questions to remand this case under applicable Fifth Circuit law.

12. "There is abundant recent authority that, if the plaintiff sets forth a nonremovable case in his initial complaint, involuntary changes will not make the case removable; they must have been brought about by the voluntary act of the plaintiff." *McKinney Econ. Dev. Corp. v. McKinney Shores Props., Inc.*, No. 4:09-cv-284, 2010 U.S. Dist. LEXIS 103680, at *10 (E.D. Tex. Aug. 27, 2010); *see also Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283 (5th Cir. 2004) (district court properly remanded case on ground that removal was based on an intervening federal claim); *Murphy v. Joshua Fin. Servs., Inc.*, No. 3:06-cv-1253-K, 2006 U.S. Dist. LEXIS 77663, at *3 (N.D. Tex. Oct. 24, 2006) ("[R]emoval may not be based on an intervening petition or complaint."); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) ("[S]ome voluntary act of the plaintiff is necessary to convert a non-removable action into a removable one.").

13. Such is the case here. Siemens Energy set forth a nonremovable case in its initial Petition. App. 007 – 008. Then, without any voluntary action by Siemens Energy, PDVSA intervened and within a matter of hours filed a Notice of Removal. Because no "voluntary act of the Plaintiff" occurred, PDVSA's removal is improper, and this Court should remand this case to the Texas Business Court. *McKinney Econ.*, 2010 U.S. Dist. LEXIS 103680, at *10.

14. Courts in the Fifth Circuit (and this District) have taken this a step further and specifically applied this rule to hold that a foreign state may not tactically intervene as a defendant in a state court proceeding, where there is otherwise no basis for federal jurisdiction, to then attempt to remove the case to federal court pursuant to 28 U.S.C. § 1441(d). *J. Baxter Brinkman Oil & Gas Corp. v. Thomas*, 682 F. Supp. 898, 899 (N.D. Tex. 1988); *see also Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1345 n.40 (S.D. Tex. 1995), aff'd, 231 F.3d 165 (5th Cir. 2000) ("[A] foreign sovereign cannot obtain the right to remove pursuant to § 1441(d) through intervention.");

*Potabe v. Robichaux*, No. 99-1132, 1999 U.S. Dist. LEXIS 9798, at *14 (E.D. La. June 25, 1999) ("Section 1441(d) does not contemplate that a party may voluntarily intervene in a state court action and then remove the case to federal court.").

15. This is *precisely* what PDVSA is attempting to do here: it intervened in Plaintiff's nonremovable state court action and then removed the case under section 1441(d). App. 014; Dkt. 1. The Court should reject PDVSA's transparent attempt to circumvent the law of this Circuit and remand this case to the Texas Business Court.

### b.   Siemens Energy is entitled to its associated fees and costs

16. PDVSA's disregard for existing precedent in this Circuit establishes that it could not possibly have had any "objectively reasonable grounds to believe the removal was legally proper." As a result, Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred as a result of PDVSA's improper removal. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *see also Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001) (affirming district court's award of attorneys' fees and expenses based on finding that, because Fifth Circuit law explicitly prevented removal, "Defendant's removal of the case was frivolous"). The ultimate question considered by a court when applying § 1447(c) is "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000); *accord Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("[T]he standard for awarding fees should turn on the reasonableness of the removal.").

17. Here, it is not objectively reasonable for PDVSA – acting in concert with its alter ego PDVH – to believe that its removal for strategic purposes was proper. PDVSA disregarded black-letter law in this Circuit that a foreign state may not intervene as a defendant in a state court

proceeding, where there is otherwise no basis for federal jurisdiction, in order to manufacture a basis for removal.[3] This is not objectively reasonable and warrants the Court's exercise of its discretion to award fees and costs in this matter.

## V. CONCLUSION

Siemens Energy respectfully submits that the Court should issue an order remanding this action to the Eleventh District of Harris County, Texas, and award Siemens Energy its reasonable fees and expenses incurred because of PDVSA's improper attempt at removal. Siemens Energy also requests any other relief at law or in equity to which it may be entitled.

Dated: February 11, 2025

Respectfully submitted,

*/s/ Kenneth E. Broughton*
Kenneth E. Broughton
State Bar No. 03087250
Francisco Rivero
State Bar No. 24046725
Arturo Muñoz
State Bar No. 24088103
Benjamin B. Breckler
State Bar No. 24121922
**REED SMITH LLP**
1221 McKinney St, Ste 2100
Houston, Texas 77010
T: 713.469.3800
F: 713.469.3899
*kbroughton@reedsmith.com*
*frivero@reedsmith.com*
*amunoz@reedsmith.com*
*bbreckler@reedsmith.com*

---

[3] Ignorance of the controlling case law would hardly be a defense, but PDVSA cannot even claim that much because it has ***already briefed this issue*** in a different alter ego case that PDVSA removed to this very same Court. *G&A Strategic Investments I LLC, et al. v. PDV Holding, Inc.*, 4:24-cv-02774 (S.D. Tex. 2024) (Hanen, J.). Accordingly, PDVSA knew or should have known that there was no reasonable ground to believe it had any basis for removal.

- 8 -

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred on February 11, 2025 via telephone with Matthew Hoffman, counsel for PDVSA regarding the relief sought in this motion. Counsel for PDVSA confirmed that the relief sought in the forgoing motion is opposed.

/s/ *Kenneth E. Broughton*
Kenneth E. Broughton

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2025, the foregoing document was served on all parties of record via the Court's electronic filing system.

/s/ *Kenneth E. Broughton*
Kenneth E. Broughton