Case 4:25-cv-00156   Document 39   Filed on 04/23/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
April 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIEMENS ENERGY, INC., | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-0156 |
| PDV HOLDING, INC., | § | |
| *Defendant,* | § | |
| and | § | |
| PETROLEOS DE VENEZUELA, S.A., | § | |
| *Intervening Defendant.* | § | |

# ORDER

Pending before the Court is Plaintiff Siemens Energy, Inc.'s ("Plaintiff" or "Siemens"), Motion to Remand. (Doc. No. 23). Intervenor Petróleos de Venezuela, S.A. ("PDVSA") filed a response in opposition (Doc. No. 28), and Defendant PDV Holding, Inc. ("PDVH") joined PDVSA's response in opposition. (Doc. No. 29). Plaintiff replied. (Doc. No. 33). Having considered the briefings and applicable law, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's Motion. (Doc. No. 23).

## I.   Background

On December 9, 2021, Plaintiff obtained a judgment against PDVSA in the United States District Court for the Southern District of New York in an amount of $166,082,240.21 for failure to pay under a promissory note (the "Judgment"). (Doc. No. 23 at 3). Siemens alleges that PDVSA has refused to pay the Judgment. (Doc. No. 23 at 3). As a result, Plaintiff filed suit in the Business Court Division of the Eleventh District of Harris County, Texas to attempt to collect on the Judgment. (Doc. No. 1-2).

Siemens brought the state court action against PDVH, rather than PDVSA, in an attempt to enforce the Judgment against PDVH. (*Id.*). Plaintiff contends it can do so because PDVH is the alter ego of PDVSA. (*Id.* at 5). Accordingly, Siemens sought a declaration from the state court that PDVH is the alter ego of PDVSA and would therefore be jointly and severally liable for the Judgment. *See* (*Id.*).

On January 13, 2025, PDVSA filed a plea in intervention in the state court action under Texas Rule of Civil Procedure 60 before filing a joint notice of removal in this Court. (Doc. No. 1). Plaintiff timely filed its Motion to Remand. (Doc. No. 23). For the reasons below, the Court agrees that remand is proper.

## II. Legal Standard and Analysis

Defendants argue that the Court has subject matter jurisdiction under 28 U.S.C. § 1330(a), which provides *inter alia* that district courts have original jurisdiction of any nonjury civil action against a foreign state as defined in 28 U.S.C. § 1603(a). (Doc. No. 1 at 2–3). Section 1603 defines "foreign state" for purposes of § 1441(d), stating that:

> (a) A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
>
> (b) An "agency or instrumentality of a foreign state" means any entity--
>
>   (1) which is a separate legal person, corporate or otherwise, and
>
>   (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
>
>   (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

Defendants claim that PDVSA is a foreign state as defined by § 1603. As such, Defendants assert that removal of the action was proper under § 1441(d), as this is an action against the instrumentality of a foreign state. Section 1441(d) provides, in relevant part, that:

> Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending.

PDVSA alleges that it is a corporation organized under the laws of the country of Venezuela, all of its shares are owned by Venezuela, and it is not a citizen of the United States. (Doc. No. 1 at 3). On the other hand, PDVH is not owned directly by Venezuela; rather, PDVH is a wholly owned subsidiary of PDVSA. (Doc. No. 28 at 2). Plaintiff does not concede that PDVSA qualifies as a foreign state under § 1603. (Doc. No. 23 at 4). Siemens also contests whether PDVSA's intervention was proper. (*Id.*). Nevertheless, it contends that, even if PDVSA is a foreign state *and* PDVSA properly intervened, the Court must still remand the case. (*Id.*).

The Court assumes, without deciding, that PDVSA is a foreign state, as defined by § 1603, and that its intervention was proper. Even so, the Court agrees with Plaintiff that PDVSA's removal of this case was improper because an instrumentality of a foreign state cannot intervene and subsequently remove a state court action that otherwise would not be removable.[1] The Fifth Circuit, in fact, has held that a case that is not removable upon the initial pleadings of the plaintiff can become removable only as a result of a voluntary act of the plaintiff. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967). Courts in the Fifth Circuit have also determined that a foreign state that voluntarily injects itself into the proceedings in state court cannot avail itself of the § 1441(d) removal provision. *See, e.g., J. Baxter Brinkman Oil & Gas Corp. v. Thomas*, 682 F.

---

[1] The Notice of Removal cites only 28 U.S.C. § 1330(a) as the grounds for removal. (Doc. No. 1). Moreover, no party has argued that the Court has subject matter jurisdiction under any other statute, including § 1332.

3

Supp. 898, 900 (N.D. Tex. 1988). The *Thomas* court found that, because the foreign state defendant voluntarily injected itself into the state court proceeding, the protections § 1441(d) was intended to provide to foreign defendants were inapplicable. *Id.* The Court finds that this is the reasonable interpretation of the applicable statutes.

Defendants argue that the *Thomas* court's logic is inapplicable here because Siemens is attempting to have it both ways. (Doc. No. 28 at 8–9). Defendants contend that Plaintiff cannot claim PDVSA voluntarily injected itself into the suit (making removal improper) and still maintain that PDVH and PDVSA are the same corporation for all intents and purposes (in support of their alter ego theory). In Defendants view, Plaintiff claims that PDVH and PDVSA are separate for some purposes, such as intervention and removal standards, but not for others, such as liability on the promissory notes.

While the Court understands the dilemma that Defendants face in this regard, federal courts are creatures of limited jurisdiction. This Court has not determined that PDVH is the alter ego of PDVSA. PDVSA, of course, has not conceded that it is the alter ego of PDVH. To find now that Plaintiff's alter ego contention disturbs this Court's jurisdiction would be to put the proverbial cart before the horse.[2] Until proven otherwise, PDVSA is the only alleged foreign state in this action because PDVH is a mere subsidiary of an instrumentality, which is not itself entitled to instrumentality status. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003) (finding that indirect ownership of a majority of shares by the foreign state does not satisfy the statutory requirement of § 1603, so a subsidiary of an instrumentality is not itself entitled to instrumentality

---

[2] This is especially true given that the theory Siemens seems to be pursuing is a reverse piercing theory of alter ego, as it has sued the subsidiary (PDVH), but its Judgment is against the parent company (PDVSA). *See Zahra Spiritual Tr. v. United States*, 910 F.2d 240, 244 (5th Cir. 1990) (finding that a "reverse piercing case requires the creditor to establish an alter ego relationship between the individual debtor and corporation in order to treat them as one and the same").

4

status). Thus, guided by the standard in *Dole* and persuaded by the *Thomas* court's logic, a foreign state that voluntarily injects itself into the proceedings in state court cannot avail itself of the § 1441(d) removal provision. *Thomas*, 682 F. Supp. at 900. That being the case, even though PDVSA may be a proper intervenor, the removal of this case was improper under § 1441(d).

Lastly, Plaintiff contends that it is entitled to its costs and fees incurred in as a result of PDVSA's removal. (Doc. No. 23 at 6). It claims that PDVSA disregarded the black-letter law of this Circuit and otherwise attempted to manufacture a basis for removal. (*Id.* at 6–7). Though true that a court may award attorney's fees and other expenses incurred as a result of an improper, frivolous removal, the Court declines to do so here. 28 U.S.C. § 1447. Thus, Plaintiff's request for its costs and fees incurred as a result of PDVSA's removal is DENIED.

### III. Conclusion

The Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Remand. (Doc. No. 23). The Court GRANTS Plaintiff's Motion to Remand. It is therefore ORDERED that this matter be remanded to the Business Court Division of the Eleventh District of Harris County, Texas. The Court DENIES Plaintiff's request for attorney's fees.

Signed at Houston, Texas, this 23rd day of April, 2025.

Andrew S. Hanen
United States District Judge